THE PEOPLE OF THE STATE OF NEW YORK, APPELLANTS, *v.* THE GLOBE MUTUAL INSURANCE COMPANY, RESPONDENT.

*Insolvent insurance company — application by claimants for leave to intervene — when it should not be granted — the discretion exercised by the Special Term is reviewable at General Term.*

APPEAL by the attorney-general from an order made in the above-entitled action at the Ulster Special Term, March 25, 1882, allowing James C. Wells and James C. Mix, claimants against the fund in the hands of the receiver in the above-entitled action, to intervene by attorney, on behalf of themselves and all others similarly situated, and have notice of the proceedings in the action.

The court at General Term said: "The court below allowed two persons having claims against the defendant to intervene, and directed that all notices in the action or proceeding should be served upon their attorney. By the petition which their attorney presented on such application, no reason is shown why they should be allowed to appear beyond the facts of their having such claims, and their interest in prosecuting and collecting them. It is not necessary that they should intervene in order to establish their claim against the assets in the hands of the receiver. To secure such assets, and

to protect and apply the same to their legitimate use, is the duty of the attorney-general and the receiver. But already the courts have allowed interveners to appear by eight or ten different attorneys. Such attorneys should be quite enough to watch the proceedings and protect the assets against fraud and waste.

"In the case of the *Attorney-General* v. *North America Life Insurance Company* (77 N. Y., 297), it was held that the Supreme Court in its discretion had the right to allow persons interested in the fund to intervene. Since then, the desire to intervene for all causes and for no cause has become common, and the discretion of the court has been exercised in favor of such applications to the great prejudice of a due and prompt administration of the law. Each intervener has the right of appeal, and thereby may greatly delay proceedings. As a corollary to the right to intervene, they claim to be parties and to have their costs and counsel fees paid out of the assets. Already such allowances of large gross amounts as counsel fees have been allowed payable out of the assets, and if the Court of Appeals shall sanction such payments, the assets intended for and due to the creditors of defunct corporations will be distributed among the attorneys of such of them as shall be permitted to intervene, and the receivers and referees in the action.

"In the present case we think no reason exists, so far as the papers show, why these petitioners should be permitted to intervene. By the late case of the *Attorney-General* v. *Continental Insurance Company* (not reported), the Court of Appeals have decided that the Special Term *must* exercise its discretion in allowing intervention. Such discretion may be reviewed and reversed by the General Term on appeal. In the exercise of this power, we think the learned justice at Special Term erred in allowing this intervention.

"The order appealed from is therefore reversed, with ten dollars costs and printing disbursements against the petitioner, and motion to intervene denied."

*Leslie W. Russell*, attorney-general, for the people.

*Edward C. James*, for the respondent.

Opinion by LEARNED, P. J.; BOCKES, J., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.